**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Doreen Egerton, | Civil Action No.: 7:16-cv-00277 |
| Plaintiff, | |
| v. | |
| National Credit Adjusters, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Doreen Egerton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Doreen Egerton ("Plaintiff"), is an adult individual residing in Fishkill, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, National Credit Adjusters, LLC ("National"), is a Kansas business entity with an address of 327 West 4th Street, Hutchinson, Kansas 67504, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. National Engages in Harassment and Abusive Tactics**

12. Within the last year, National contacted Plaintiff in an attempt to collect the Debt.

13. On numerous occasions, Plaintiff told National that she could not afford to pay the Debt because her only source of income was Social Security benefits.

14. Nevertheless, National continued to harass Plaintiff with calls in an attempt to collect the Debt.

15. On one occasion, National suggested that Plaintiff sell blood platelets in order to secure funds to pay the Debt.

**C. Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff

suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with Plaintiff.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants engaged in unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

25. The acts, practices and conduct engaged in by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

26. Defendants willfully and knowingly engaged in deceptive acts and practices in

violation of NY GBL§ 349.

27.     Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts, including damages associated with, among other things, anger, anxiety, emotional distress, and frustration.

28.     By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Actual damages, trebled, pursuant to NY GBL § 349;

4. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 13, 2016

                                                Respectfully submitted,

                                                By: */s/ Sergei Lemberg*

                                                Sergei Lemberg, Esq. (SL 6331)
                                                LEMBERG LAW L.L.C.
                                                43 Danbury Road
                                                Wilton, CT 06897
                                                Telephone: (203) 653-2250
                                                Facsimile:  (203) 653-3424
                                                Attorneys for Plaintiff